In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00226-CR


______________________________





IN RE: MICHAEL DEAN PERRY








 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter








O P I N I O N



 Michael Dean Perry has filed a petition for writ of mandamus asking this Court to direct the
trial court to proceed. On March 29, 2009, this Court affirmed Perry's conviction by the 188th
Judicial District Court for the offense of tampering with physical evidence. He was sentenced to
twenty-five years' imprisonment. However, as the State failed to prove the finality of one of the
enhancement allegations against him, the sentence was five years above the maximum allowable
punishment. We reversed and remanded for a new punishment trial. Perry filed a petition with the
Texas Court of Criminal Appeals that was refused, and we issued our mandate on October 22, 2009.

 Perry filed his petition for writ of mandamus, pointing out that he was in prison and that no
punishment hearing had been conducted or was set to be conducted pursuant to the directive of this
Court. He, therefore, argues that the ministerial duty of the trial judge to obey the directives of this
Court has been violated and that we should direct the trial court to proceed to trial. 

 To establish entitlement to mandamus relief, the relator must show that (1) there is no
adequate remedy at law to redress the alleged harm; and (2) only a ministerial act, not a discretionary
or judicial decision, is being sought. State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). The execution of the mandate of this
Court by the trial court is clearly a ministerial act.

 We have contacted the District Clerk and the District Attorney's Offices of Gregg County. 
We have been informed that the information provided by Perry was accurate, but that his case has
now been set for trial January 25, 2010, and that a bench warrant was issued for Perry's presence for
that trial. Based on this information, we conclude that the relief sought is now being provided.

 We dismiss the petition as moot. 




 Jack Carter

 Justice


Date Submitted: January 6, 2010

Date Decided: January 7, 2010


Do Not Publish